IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL MUJICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1191-L |
| | § | |
| BOARD OF PARDONS AND | § | |
| PAROLES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Ismael Mujica, a Texas prisoner, against his former attorneys, the Texas Board of Pardons and Paroles, and an unnamed party identified only as "Dallas County Director." On June 24, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on July 29, 2009. The court now determines that this case should be summarily dismissed.

II.

Although his pleadings are difficult to decipher, plaintiff appears to allege that he was falsely arrested, detained, and convicted on multiple state drug charges. The majority of his claims involve the adequacy of his legal representation at trial and on appeal. Specifically, plaintiff contends that his trial counsel, Russ Hendrichs and Alfonso Campo, failed to move for a judgment of acquittal based on a defective indictment, did not file a motion to suppress illegally seized evidence, and conspired with the prosecutor to obtain his conviction. Plaintiff also criticizes his appellate lawyer, Robert Udashen, for not raising certain claims on direct appeal and for conspiring with trial counsel. Finally, plaintiff alleges that the Texas Board of Pardons and Paroles and the "Dallas County Director" violated his constitutional rights and participated in a conspiracy to convict him. By this suit, plaintiff seeks unspecified compensatory and punitive damages, declaratory and injunctive relief, a new trial, and a full pardon.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While

a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff cannot sue the Texas Board of Pardons and Paroles for money damages. As a state agency, the Board "is cloaked with Eleventh Amendment immunity from Section 1983 damages claims." *Waller v. Collier*, 297 Fed.Appx. 326, 327, 2008 WL 4623354 at *1 (5th Cir. Oct. 20, 2008), *citing McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d. 158, 161 (5th Cir. 1995). Nor can plaintiff maintain a federal civil rights action against his former attorneys-- Russ Hendrichs, Alfonso Campo, and Robert Udashen. Private attorneys, even those appointed by the court to represent indigent criminal defendants, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). The only other defendant named by plaintiff in his complaint, the "Dallas County Director," cannot be joined as a party to this action without being identified. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997) (citing cases) (unnamed defendants are not proper parties to an action under a federal statute).

C.

In addition, plaintiff's claims are subject to dismissal under the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal

habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiff's complaint is that his convictions were the result of ineffective assistance of counsel and a conspiracy involving his lawyers, the prosecutor, the Texas parole board, and the "Dallas County Director." Such claims necessarily imply the invalidity of plaintiff's criminal convictions, which have never been reversed or been declared invalid. (*See* Mag. J. Interrog. #8). Consequently, plaintiff cannot maintain a civil rights action under 42 U.S.C. § 1983. *See, e.g. Berry v. Grett*, No. 3-08-CV-1052-M, 2008 WL 3382572 at *3 (N.D. Tex. Aug. 4, 2008) (civil rights claim based on ineffective assistance of counsel does not accrue until state court or federal habeas court invalidates underlying criminal conviction); *Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (same as to civil rights claim based on manufactured evidence and perjured testimony); *Gilkey v. Graves*, No. 3-03-CV-0497-G, 2003 WL 21653858 at *1-2 (N.D. Tex. Apr. 9, 2003) (same as to claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial).[1]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE